IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHESTER K. LITTLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:14-CV-308-HL-MSH |
| VS. | : | |
| | : | |
| STATE OF GEORGIA, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : | |

## ORDER

Plaintiff Chester K. Little filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. When Plaintiff commenced this action, he was incarcerated at the Johnson State Prison in Wrightsville, Georgia, and the Court granted Plaintiff's motion to proceed *in forma pauperis* subject to the payment plan described in 28 U.S.C. § 1915(b). Before the Court could conduct a preliminary screening of Plaintiff's complaint under 28 U.S.C. § 1915A(a), Plaintiff filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). Soon after, Plaintiff was released from prison and is no longer a prisoner within the meaning of 28 U.S.C. § 1915A(c). ECF No. 8. Given that Plaintiff is still proceeding *in forma pauperis,* the Court will review the complaint to determine whether the action should be dismissed under 28 U.S.C. § 1915(e)(2)(b).

## STANDARD OF REVIEW

When a plaintiff proceeds *in forma pauperis* under 28 U.S.C. § 1915, the Court may screen the complaint at any time and dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original) (internal quotation marks omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**FACTUAL ALLEGATIONS**

*Pro se* pleadings, like the complaint in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, a pro se complaint must allege sufficient facts to state a plausible claim. *Id.* Plaintiff alleges the following facts in his complaint and amended complaint, which the Court accepts as true for purposes of this Order.

Plaintiff is a dentist whose license was "temporarily suspended." Compl. ¶ 10, ECF No. 1. Plaintiff alleges that a Progressive Insurance agent, employees of the Georgia Secretary of State, several Bibb County police officers, a Superior Court judge, the Georgia Board of Dentistry, and a handful of attorneys conspired to prosecute him for practicing dentistry without

a license. The alleged conspiracy resulted in Plaintiff's 2013 conviction for unlicensed practice of dentistry. *Id.* ¶ 3. Plaintiff's appeal from his conviction is still pending. *Id.* Plaintiff brings several claims based on the alleged conspiracy, including a Fourth Amendment malicious prosecution claim and state law claims for trespass, intentional infliction of emotional distress, and invasion of privacy. Am. Compl. ¶¶ 9, 11-12, ECF No. 7.

## ANALYSIS

Plaintiff asserts his Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983. "To establish a malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). Under Georgia law, the "six essential elements of a malicious prosecution claim are (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) *which has terminated favorably to the plaintiff*; and (6) has caused damage to the plaintiff." *Renton v. Watson*, 319 Ga. App. 896, 898 (2013) (emphasis added) (internal quotation marks omitted). Plaintiff did not allege that his conviction has been reversed, expunged, set aside, or called into question. Plaintiff therefore cannot establish a § 1983 malicious prosecution claim. *Id.*; *see also Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that a claim for damages due to an "allegedly unconstitutional conviction or imprisonment" is not cognizable under § 1983 unless the conviction or sentence has already been invalidated). Plaintiff's § 1983 malicious prosecution claim is therefore dismissed. The only remaining claims are state law claims, and the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. §

1367(c)(3) (permitting district courts to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED.** For purposes of the "three strikes" provision of the Prison Litigation Reform Act, the Court determines that its decision in this case, which was filed while Plaintiff was a prisoner, is a strike against Plaintiff. *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

SO ORDERED, this 1st day of December, 2014.

**/s/ Hugh Lawson**
HUGH LAWSON, SENIOR JUDGE

lws